UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                Plaintiff,                6:21-CR-06083 (MAV)

vs

HENRY RIVERA,                            DECISION AND ORDER

                Defendant.

_____

      In January 2022, Defendant Henry Rivera ("Rivera") was sentenced to a prison term of 48 months followed by three years of supervised release for conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. Rivera's term of supervised release began on February 1, 2024, and is set to expire on January 31, 2027. On October 3, 2025, Rivera filed a *pro se* motion for early termination of his supervised release. ECF No. 314. The Government filed an opposition. ECF No. 317. The United States Probation Office responded with a recommendation that Rivera be considered for early termination. For the reasons stated below, the Court DENIES Rivera's request.

**LEGAL STANDARD**

      The Court's authority for early termination of supervised release is set forth in 18 U.S.C. § 3583(e)(1), which states:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that

such action is warranted by the conduct of the defendant released and the interest of justice. . . .

The relevant Section 3553(a) factors that the Court must consider include, *inter alia*, the nature and circumstances of the offense, the defendant's history and characteristics, and the various objectives of sentencing, including the need to protect the public from further crimes of the defendant and to deter future criminal activity. District courts are not required to make specific findings of fact with respect to each of these factors; rather, "the district court need only provide some indication of the rationale for its ruling in order to allow for meaningful appellate review." *United States v. Cottom*, No. 23-7527, 2024 WL 4509163, at *2 (2d Cir. Oct. 17, 2024) (quotation and brackets omitted)

"Significantly, early termination of supervised release is not warranted as a matter of course," *United States v. Cohen*, 724 F. Supp. 3d 251, 256 (S.D.N.Y. 2024) (quotation omitted), and "is only 'occasionally' justified due to 'changed circumstances,' such as 'exceptionally good behavior by the defendant,' that 'render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).'" *Id.* (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). "[A]lthough exceptionally good behavior or extraordinary circumstances may justify early termination of supervised release, it is not necessarily a prerequisite to early termination." *United States v. Stacharczyk*, 719 F. Supp. 3d 243, 246 n.3 (W.D.N.Y. 2024); *see United States v. Melendez-Lebron*, No. 14-cr-201, 2024 WL 4297021, at *1 (W.D.N.Y. Sept. 26, 2024). "The burden of proof for establishing entitlement to early termination of supervised

2

release lies with the defendant." *United States v. Weiss*, No. 21-cr-00457, 2022 WL 3214914, at *2 (S.D.N.Y. Aug. 9, 2022) (quotation and brackets omitted).

## DISCUSSION

Rivera argues that his term of supervised release should be terminated early because he has complied with all of the conditions of his supervised release, paid all fines and restitution associated with his criminal offense, passed all drug tests, attended all meetings, maintained employment, and abstained from further criminal activity while on supervised release.

While Rivera's compliance with the terms of his supervised release is commendable, "simply complying with the terms of supervised release does not generally justify early termination[,]"*Stacharczyk*, 719 F. Supp. 3d at 246, as "full compliance with the terms of supervised release is what is expected of a person." *United States v. Berrios*, No. 95 Cr. 84, 2010 WL 1010022, at *2 (S.D.N.Y. Mar. 16, 2010) (quotation omitted); *United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. Mar. 25, 2015) ("Early termination is not warranted where a defendant did nothing more than that which he was required to do by law."). "[F]ull compliance with the terms of supervised release, without more, *generally* does not warrant early termination . . . [because] if every defendant who complied with the terms of a supervised release were entitled to early termination, the exception would swallow the rule." *United States v. Kassim*, No. 15-cr-00554, 2020 WL 2614760, at *2 (S.D.N.Y. May 22, 2020) (quotation omitted and emphasis added). Here, other than mere compliance with the terms of his supervised release, Rivera does not cite any specific

3

reasons supporting his request for early termination.

After consideration of the applicable factors set forth in Section 3553(a), the Court finds that early termination of supervised release is not warranted. Of particular note, the Court finds the serious nature and circumstances of Rivera's offense of conviction weighs against termination. *See* 18 U.S.C. §§ 3553(a)(1); ECF No. 317 at 2. The Court has considered the other applicable Section 3553(a) factors and concludes that granting Rivera's motion to terminate the remainder of his supervised release would not be in the interest of justice.

## CONCLUSION

Accordingly, Rivera's motion for early termination of supervised release (ECF No. 314) is hereby DENIED without prejudice to renewing his request in the future.

SO ORDERED.

DATED: December 1, 2025
Rochester, New York

*/s/ Meredith Vacca*
HON. MEREDITH A. VACCA
United States District Judge